UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BLANCHARD BAISDEN,
    *Plaintiff*,

v.

CITY OF HARTFORD *et al.*,
    *Defendants*.

No. 3:20-cv-398 (JAM)

ORDER DISMISSING COMPLAINT
WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Blanchard Baisden has filed this complaint *pro se* and *in forma pauperis* against the City of Hartford, the police chief for the City of Hartford, and seven Hartford police officers. The complaint alleges that Baisden was assaulted by the police in violation of his rights. Because Baisden does not allege enough facts to plausibly establish a claim for the use of excessive force, I will dismiss the complaint without prejudice to re-filing of an amended complaint.

## BACKGROUND

Baisden alleges that "on 1-4-19 I was assaulted by officers Arber Gashi, Brian Herrmann, Ashley Martinez, V. Duarte, C. Chanaca, C. Clark, and C. Mertes." Doc. #1 at 4 (¶ 13). Baisden does not allege any additional facts about this alleged assault or about what any particular defendant did to participate in the assault or allow it to occur. He alleges that after the assault he was brought to the hospital for treatment, then arrested and charged with multiple crimes, and then returned to the hospital for treatment of his severe injuries. *Id.* (¶¶ 14-16). Among the crimes he alleges that he was arrested for are reckless driving, interfering with the police, first-degree reckless endangerment, and first-degree attempted assault. *Id.* (¶ 15).

The complaint alleges six claims for relief. Count I alleges that the defendant police officers "participated, engaged, watched and failed to intervene in an unconstitutional assault on

1

the plaintiff." *Id.* (¶ 18). Count II alleges that the City of Hartford and its police chief acting "pursuant to municipal policy, custom, or usage failed to execute adequate supervision, and monitor their subordinates." *Id.* (¶ 19). Count III alleges that the defendants acted willfully, maliciously, and with reckless indifference to Baisden's constitutional rights. *Id.* (¶ 20). Counts IV and V allege that the defendants engaged in assault and battery as well as the infliction of emotional distress in violation of state law. *Id.* at 5 (¶¶ 21-22). Finally, Count VI alleges that the City and its police chief by means of a deficiency in training and supervision were deliberately indifferent to Baisden's rights in a manner that caused injury to him.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the compliant, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As the Supreme Court has explained, "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are merely consistent with a defendant's

liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

The Fourth Amendment to the U.S. Constitution (as applicable to the actions of local police departments and police officers through the Fourteenth Amendment) protects the right of the people to be free from unreasonable searches or seizures. *See* U.S. Const. amend. IV. In particular, the Fourth Amendment prohibits the police from using unreasonable or excessive force when they engage in the arrest of a person. *See Graham v. Connor*, 490 U.S. 386 (1989); *Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019). But "[b]ecause 'the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it, determining whether the amount of force an officer used is reasonable 'requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Cugini*, 941 F.3d at 612 (quoting *Graham*, 490 U.S. at 396). Thus, the determination whether the police have used excessive force in the course of arresting a suspect "'requires careful attention to the facts and circumstances of each particular case, including' (1) 'the severity of the crime at issue,' (2) 'whether the suspect poses an immediate threat to the safety of the officers or others,' and (3) 'whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.'" *Ibid.* (quoting *Graham*, 490 U.S. at 397).

Baisden has not alleged enough facts to give rise to a plausible claim for a use of excessive force. He has alleged simply that he was assaulted and severely injured, without any further factual detail to suggest that the assault and injury were the result of the use of

unnecessary or excessive force by the police. Numerous courts have ruled that a bare and conclusory allegation of assault—which itself is a legal conclusion—does not establish plausible grounds to conclude that the use of force was excessive in violation of the Fourth Amendment.[1]

Baisden's conclusory claim of assault is undermined as well by his additional allegations that the police arrested him for multiple crimes including reckless endangerment, interference with the police, and attempted assault. He does not allege that the police lacked probable cause to arrest him for these crimes. To the extent that the police had probable cause to believe that Baisden was recklessly endangering them, interfering with them, and assaulting them, these additional facts would counsel against a conclusion that the use of force by the police was unreasonable and excessive in violation of the Fourth Amendment.

The complaint is equally conclusory with respect to its allegations against the City of Hartford and the police chief. The complaint faults the City's policies and the chief's supervision but without any factual detail to show the lack of any municipal policy, custom, practice, or lack of supervision and to show how this lack caused the alleged use of excessive force. "For pleading purposes, a policy or custom may not be inferred simply from the fact that individual police officers have engaged in wrongdoing, and a complaint may not rely solely on wholly conclusory allegations that the constitutional violation was the result of some municipal practice or policy." *Febus v. Somody*, 2019 WL 1763093 at *4 (D. Conn. 2019); *see also Petty v. City of*

---

[1] *See, e.g.*, *Santiago v. City of New York*, 697 F. App'x 36 (2d Cir. 2017) ("we agree with the District Court that Santiago's advancement of only conclusory allegations about the alleged assault requires dismissal of his complaint for failure to plead enough facts to state a claim to relief that is plausible on its face"); *Wilmer v. Albany Cty. Police*, 2019 WL 6311018, at *3 (N.D.N.Y. 2019) ("Plaintiff's allegations that Officer Gavendy conducted a "warrantless" search and assaulted him are conclusory and unsupported by any factual enhancement"), *report and recommendation adopted*, 2020 WL 137240 (N.D.N.Y. 2020); *Perkins v. New York City*, 2019 WL 4736950, at *8 (E.D.N.Y. 2019) (dismissing as conclusory plaintiff's bare allegation that defendants "'assaulted' him before handcuffing him and placing him in leg irons"); *Robbins v. Cty. of Boulder*, 2014 WL 3929143, at *3 (D. Colo. 2014) (dismissing as conclusory prisoner's claim of "injury by excessive force" used by police), *aff'd*, 592 F. App'x 710 (10th Cir. 2014).

*New Britain*, 2018 WL 587321, at *4 (D. Conn. 2018) (dismissing complaint against police chief absent allegations to show police chief's personal involvement with use of excessive force by police detectives).

Because the complaint does not allege a plausible violation of the Fourth Amendment, there is no need for me to address Baisden's remaining state law claims. Apart from any federal law claims, there is no apparent basis for the exercise of federal jurisdiction, and I would decline to exercise supplemental jurisdiction over any state law claims absent an independent basis for federal jurisdiction. *See Torres v. Wright,* 2018 WL 1175408, at *2 n.1 and *5 (D. Conn. 2018).

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint pursuant to 28 U.S.C. § 1915A for failure to allege sufficient facts to establish plausible grounds for relief. This order of dismissal, however, is without prejudice. If Baisden can allege facts to show that the use of force was unreasonable and excessive, then he may file a motion to reopen this case along with a proposed amended complaint. Any proposed amended complaint should allege facts that tend to show that the use of force by the police was excessive. It should also allege any known facts specific to the involvement of each named defendant. If Baisden chooses to name the City of Hartford as a defendant, the complaint should allege facts to show how any violation of Baisden's rights against the use of excessive force was caused by a specific municipal policy, practice, or custom. The Clerk of Court shall close this case subject to re-opening in the event that Baisden timely files an amended complaint by **August 3, 2020**.

It is so ordered.
Dated at New Haven this 13th day of July 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge